IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GLENN A. HERMRECK and <br> REBECCA HERMRECK, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LEAWOOD, KANSAS and <br> JULIAN MORRISSEY HORN <br> DEVELOPMENT COMPANY LC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 10-2368-JWL |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion for remand (Doc. # 21). For the reasons set forth below, the motion is **granted**, and the case is remanded to state court.

Plaintiffs initiated this action in state court, alleging that conduct by defendants relating to the flow of water caused damage to plaintiffs' property. Plaintiffs asserted state-law claims for damage to property, nuisance, and inverse condemnation; takings claims under the federal and state constitutions; and a claim for violation of the federal Clean Water Act ("CWA") and other regulations and statutes. Defendants removed the case to federal court, and upon subsequent motion by defendants, the Court dismissed all of plaintiffs' federal claims. *See* Memorandum and Order of Sept. 21, 2010 (Doc. #

12). The Court nonetheless retained supplemental jurisdiction over the action, based on the following reasoning:

> In light of the rulings above, pending substitution or joinder of the bankruptcy trustee, only state-law claims asserted in Counts I, II, and III remain in this case. Accordingly, because diversity is lacking, this case may not remain here unless the Court exercises supplemental jurisdiction over those claims. In the usual case, the Court would decline to exercise such jurisdiction at this stage of the litigation. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state-law claims if it has dismissed all claims over which it has original jurisdiction). In this case, however, plaintiffs have indicated that they will seek to amend to re-assert their CWA claim after they have satisfied the notice requirement—which, if the case has been remanded to state court, would allow for removal once again. For that reason, the Court will exercise supplemental jurisdiction for the present time, at least until such time, if ever, that it has become clear that plaintiffs will not pursue a federal claim in this action.

*Id.* at 10-11.

Plaintiffs have now abandoned any claim under the CWA, by statement in their brief and by filing a second amended complaint omitting any such claim. Thus, plaintiffs now seek remand of the case to state court. The Court does not agree with plaintiffs that it *must* remand the case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), as the Court may exercise—and, since the dismissal order, has exercised—supplemental jurisdiction over the remaining state claims. *See* 28 U.S.C. § 1367.

Nevertheless, as noted in the prior order, at this early stage of the litigation the Court would ordinarily decline to exercise supplemental jurisdiction over remaining state-law claims after dismissal of all federal claims, pursuant to 28 U.S.C. § 1367(c).

Defendant City of Leawood, Kansas ("the City") opposes remand, however, for two reasons. First, the City notes that plaintiffs have refused to dismiss their prior CWA claim with prejudice, and it suggests that plaintiffs would be free to try to pursue such a claim in this suit in the future; thus, the City argues that it has not yet "become clear that plaintiffs will not pursue a federal claim in this action" (the condition noted by the Court in the prior order). The Court rejects this argument as a reason to retain jurisdiction over the state-law claims. If plaintiffs did re-assert such a claim under federal law after remand to the state court, defendants would be free to remove the case again to this Court.

Second, the City argues that the Court should resolve issues concerning the trustee for plaintiffs' bankruptcy case. In its prior order, the Court held that under Tenth Circuit law, because plaintiffs did not list their claims against defendants as assets in their bankruptcy filings, the claims remained the property of the bankruptcy trustee, even upon closing of the bankruptcy case. *See* Memorandum and Order of Sept. 21, 2010, at 3-4. Thus, the Court held that plaintiffs were not the real parties in interest, and it required plaintiffs to substitute or join the bankruptcy trustee as a party. *See id.* at 4-6. The Court noted that plaintiffs could not try to cure this problem by simply obtaining ownership of the claims from the bankruptcy court, and that if plaintiffs did reacquire the claims, they could assert them in their own names only in a new action. *See id.* at 6 n.2. Plaintiffs subsequently filed an amended complaint naming the trustee as a party.

The trustee has now filed a motion seeking to be dismissed as a party, in which

3

he states that his duties have ended, that he has no interest in any property or causes of action of plaintiffs, and that he disclaims any interest he may have had in the claims in this case (Doc. # 40). As the noted in the prior order, plaintiffs' real-party-in-interest problem cannot be cured by the trustee's disclaimer; thus, if the trustee were dismissed, plaintiffs would be unable to maintain this action. Moreover, as the City points out, it is not clear that the trustee may make such disclaimer and effect a reversion of ownership of the claims to plaintiffs without involvement of the bankruptcy court. The City argues that this Court should resolve these issues prior to any remand.

The Court rejects this argument as well. The state court can ably apply any federal bankruptcy law that may apply here with respect to ownership of the claims. Moreover, the state court can conduct any necessary real-party-in-interest analysis under state law, which may or may not be identical to the federal law discussed in the Court's prior order.[1] Plaintiffs assert only state-law claims, and at this stage of the litigation, the state court is the appropriate forum for the resolution of those claims. Thus, it would not be appropriate for this Court to retain jurisdiction simply to apply federal procedural law in a case ultimately resolved in the state court. Any pending issues involving the trustee, as well as the issues raised in the other motions presently pending in the case, are hereby left for the state court to decide.

Accordingly, the Court, in its discretion, declines to exercise supplemental

---

[1] As an example, Kansas state law may or may not allow plaintiffs' real-party-in-interest problem to be cured by re-acquisition of the claims after initiation of the lawsuit.

4

jurisdiction over the remaining state-law claims, and it therefore grants plaintiffs' motion for remand.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for remand (Doc. # 21) is **granted**, and this action is hereby remanded to state court.

IT IS SO ORDERED.

Dated this 9th day of November, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
